

**U.S. Department of Justice**

Environment and Natural Resources Division

90-5-2-4-23035

*Appellate Section*
*P.O. Box 7415*
*Washington, DC 20044*

*Telephone (202) 514-2748*
*Facsimile (202) 353-1873*

March 17, 2026

Hon. Molly C. Dwyer, Clerk
U.S. Court of Appeals for
  the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

Re:  *State of California*, et al., v. *United States of America*, et al.
     25-8013, 26-88, 26-497, 26-525

*via electronic filing only*

Dear Ms. Dwyer:

I write for the United States, the Environmental Protection Agency (EPA), its Administrator, and the President, all defendants in the case below, to inform the Court that the United States will not be filing a brief in these appeals, and to correct an assertion about Federal Defendants' legal arguments appearing in the opening brief of Movants-Appellants in No. 25-8013.

In the underlying case, California and ten other states challenge Congress's use of the Congressional Review Act, 5 U.S.C. §§ 801 *et seq.* (CRA) to invalidate three waivers that California previously obtained from the EPA under the Clean Air Act (CAA). Those waivers allowed California to promulgate stricter emissions standards for new motor vehicles than those promulgated under federal law. *See* 42 U.S.C. § 7543(b)(1) (discussing waiver process). Federal Defendants moved to dismiss California's claims under Rule 12(b) on numerous threshold and merits grounds, including: (1) the CRA strips the courts of subject-matter jurisdiction over California's claims, (2) the court lacks subject-matter jurisdiction over disputes about compliance with congressional procedures, (3) California lacks Article III standing to press several claims, (4) the Administrative Procedure Act claims fail to identify final agency action, (5) the claims against EPA fail to comply with limitations on review in the CAA, (6) the ultra vires claims are not

legally cognizable, and (7) for various reasons, the constitutional claims fail on the merits. That motion remains pending.

Nonfederal organizations sought to intervene on Federal Defendants' side, but the district court denied their motions, and they appealed. Federal Defendants took no position on those intervention motions in the district court, and we take no position on whether the district court's order should be upheld.

We write to correct an assertion about Federal Defendants' legal arguments appearing in the opening brief for Movants-Appellants Western States Trucking Association and Construction Industry Air Quality Coalition, Inc. 25-8013 Doc. 6 (Jan. 15, 2026). That brief asserts incorrectly that Federal Defendants "abandoned" certain arguments on the merits below by not raising them in their Rule 12 motion. Specifically, the brief argues that Federal Defendants do not adequately represent the groups' interests because "Federal Defendants' motion to dismiss abandons a meritorious argument" that "CAA section 209 waivers are 'rules'" that are subject to the CRA's procedures. Br. 14-15.

That assertion is incorrect. A party raising threshold defenses in a Rule 12(b) motion does not abandon its defenses on the merits by declining to raise them in the motion. *See* Fed. R. Civ. P. 12(h)(2) ("Failure to state a claim upon which relief can be granted … may be raised" at later stages, including "by a motion under Rule 12(c)" or "at trial."); *cf.* Fed. R. Civ. P. 12(b)(2)–(5), 12(h)(1) (listing other non-merits defenses that are waived if not raised under certain circumstances). Indeed, Federal Defendants did not argue the merits of whether "section 209 waivers are 'rules'" because Congress expressly stripped courts of jurisdiction over that precise issue, so it would be highly improper for a court to address the merits. 5 U.S.C. § 805. And because the district court lacks subject-matter jurisdiction over the claim, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). The court, in other words, is not permitted to reach the merits if jurisdiction is lacking.

With that clarification, Federal Defendants have no further views on the disposition of these appeals. Please provide a copy of this letter to the panel of judges that will consider these appeals.

Sincerely,
*s/ Brian C. Toth*
Counsel for Federal Defendants

- 2 -