**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| STATE OF CALIFORNIA, et al.,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>Defendants-Appellees<br><br>WESTERN STATES TRUCKING ASSOCIATION, et al.,<br><br>Intervenor-Defendants-Appellants. | Case Nos. 25-8013, 26-88, 26-497, 26-525 |

**MOTION TO EXPEDITE ISSUANCE OF THE MANDATE**

This Court has issued an unpublished disposition affirming in part, reversing in part, and remanding these consolidated appeals for further proceedings. No. 25-8013, Dkt. No. 47. Joint Intervenors the Alliance for Automotive Innovation, National Automobile Dealers Association, American Fuel and Petrochemical Manufacturers, American Free Enterprise Chamber of Commerce, American Fuel and Petrochemical Manufacturers, American Petroleum Institute, National Association of Convenience Stores, and the Corn Growers (collectively, "Joint

Intervenors"), now move to expedite the mandate "to avoid further delay in resolving this matter." *Grabek v. Northrop Grumman Corp.*, 346 F. App'x 151, 153 (9th Cir. 2009); *see* Fed. R. App. P. 40(d)(1).

Plaintiffs-Appellees State of California et al. ("Plaintiff States"), "do not see a need for Joint Intervenors to file their motion to expedite" but do not intend to file a response. Defendants-Appellees Donald J. Trump, the United States of America et al. ("Federal Defendants") take no position. Intervenor-Defendants-Appellants in Case No. 25-8013, Western States Trucking Association ("WSTA") and Construction Industry Air Quality Coalition, Inc. ("CIAQC"), do not oppose.

## BACKGROUND

1. On December 2, 2025, the district court denied all appellants intervention under Federal Rule of Civil Procedure 24 in the underlying district court action.

2. On December 18, 2025, WSTA and CIAQC filed a notice of appeal in Case No. 25-8013. Joint Intervenors later filed separate notices of appeal. Nos. 26-88, 26-497, 26-525.

3. On January 26, 2026, pursuant to Federal Rule of Appellate Procedure 3(b)(2), this Court consolidated all of the appeals for decision. No. 25-8013, Dkt. No. 15.

4. On July 21, 2026, this Court issued a memorandum disposition affirming in part, reversing in part, and remanding in part the judgment of the district court. No. 25-8013, Dkt. No. 47. Specifically, the Court held that the Alliance, NADA, and AmFree were entitled to intervene as of right, and that the district court abused its discretion when denying permissive intervention as to all of the remaining Joint Intervenors. *Id.* Because WSTA and CIAQC failed to preserve permissive intervention on appeal, however, the Court affirmed the judgment of the district court as to WSTA and CIAQC, but reversed as to all other appellants.

5. On August 3, 2026, Appellants WSTA and CIAQC moved for panel and en banc rehearing in their appeal (No. 25-8013). No. 25-8013, Dkt. No. 48.

6. On August 26, this Court denied the petition for rehearing.

7. Because the consolidated appeals include the United States as a party, the deadline for the remaining parties to file petitions for

rehearing is September 4. 2026. Fed. R. App. P. 40(d)(1)(A). Accordingly, the mandate will not issue at least until September 11. Fed. R. App. P. 41.

## ARGUMENT

Under Federal Rule of Appellate Procedure 41(b), the court "may shorten or extend the time" to issue the mandate by order. The Court should exercise its discretion here and issue the mandate forthwith.

Joint Intervenors wish to return to the district court as soon as practicable to participate in the underlying district court litigation from which they were wrongly ousted. Joint Intervenors accordingly do not intend to seek rehearing. The petition for rehearing filed by the remaining Appellants, WSTA and CIAQC, has been denied by the Court. And Plaintiff States will not be seeking rehearing. There is therefore no reason to delay the mandate in these appeals.

Expediting the mandate is also in the public interest. The separate underlying merits litigation involves procedural and constitutional challenges to three important federal laws concerning federal preemption under the Clean Air Act for highly consequential state regulations. All parties would benefit from resolving the underlying merits litigation

expeditiously to end the regulatory uncertainty surrounding preemption of these state regulations. By expediting the mandate, the Court could help ensure a more expeditious resolution of the underlying district court proceedings.

Plaintiff States had the following response to this motion: "Plaintiff States dispute that there are any exceptional circumstances warranting expedition, particularly given that the mandate could issue on or about September 11, in the normal course. Nonetheless, to conserve the resources of the Court and Plaintiff States, Plaintiff States do not intend to file a separate response."

Expediting the mandate, however, does not require a showing of "exceptional circumstances." It is enough that expediting the mandate is in the public interest and that no party would be prejudiced by expedition.

## CONCLUSION

The Court should exercise its discretion to issue the mandate forthwith.

August 31, 2026

Respectfully Submitted,

*/s/ Rachel Levick*
Raymond B. Ludwiszewski
Rachel Levick
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, NW
Washington, DC 20036
Tel.: (202) 955-8500
Fax: (202) 467-0539
rludwiszewski@gibsondunn.com
rlevick@gibsondunn.com

Sean Howell
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
Suite 2600
San Francisco, CA 94111
Tel.: (415) 393-8355
Fax: (415) 801-7364
showell@gibsondunn.com

*Counsel for The Alliance for Automotive Innovation and The National Automobile Dealers Association*

*/s/ Michael Buschbacher*
Michael Buschbacher
James R. Conde
Laura B. Ruppalt
BOYDEN GRAY PLLC
800 Connecticut Avenue NW
Suite 900
Washington, D.C. 20006
Tel.: (202) 955-0620
mbuschbacher@boydengray.com
jconde@boydengray.com
lruppalt@boydengray.com

*Counsel for American Free Enterprise Chamber of Commerce, the Illinois, Indiana, Iowa, Kansas, Kentucky, Michigan, Missouri, Nebraska, Tennessee, and Wisconsin Corn Growers Associations, Texas Corn Producers, and National Corn Growers Association*

*/s/ Katherine C. Yarger*
Katherine C. Yarger
LEHOTSKY KELLER COHN LLP
700 Colorado Blvd., #407
Denver, CO 80206
Email: katie@lkcfirm.com
Tel.: (512) 693-8350
Fax: (512) 727-4755

Steven P. Lehotsky
Michael B. Schon
LEHOTSKY KELLER COHN LLP
200 Massachusetts Avenue NW
Suite 700
Washington, DC 20001
steve@lkcfirm.com
mike@lkcfirm.com
Tel.: (512) 693-8350
Fax: (512) 727-4755

*Counsel for American Fuel & Petrochemical Manufacturers, American Petroleum Institute, and the National Association of Convenience Stores*

**CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that:

1. The motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 733 words, excluding the exempted portions.

2. This motion complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and (6) as it was prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Michael Buschbacher*
Michael Buschbacher